DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RONALD BRIAN WILLIAMS,

Appellant,

v.

SAMANTHA SMITH WILLIAMS,

Appellee.

No. 2D2025-1777

_____

August 14, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Pinellas County; Brian Gnage, Judge.

Michael Gonzalez of Gonzalez Law Group, Tampa, for Appellant.

William B. Bennett of William B. Bennett, P.A., St. Petersburg, for
Appellee.

SMITH, Judge.

The Former Husband, Ronald Brian Williams, seeks review of a
nonfinal order awarding the Former Wife, Samantha Smith Williams,
temporary attorneys' fees in the amount of $75,000.  We affirm, without
discussion, the portion of the order concluding that the Former Wife is
entitled to temporary fees.  However, because the trial court failed to

make findings as to the reasonableness of both the hourly rate charged and the hours claimed, we reverse the portion of the order awarding $75,000 in temporary fees and remand to the trial court for a determination of the reasonable amount of fees to be awarded.[1]

When considering a request for attorneys' fees in a dissolution proceeding "[t]he trial court must 'not only determine that one spouse has a need for suit money and the other has the ability to pay, but also that the temporary attorney's fees and costs awarded are reasonable.' " *Kasm v. Kasm*, 933 So. 2d 48, 50 (Fla. 2d DCA 2006) (quoting *Safford v. Safford*, 656 So. 2d 485, 486 (Fla. 2d DCA 1994)). This court has "consistently required that an award of temporary attorneys' fees be accompanied by factual findings regarding reasonableness of the hourly rates and time expended." *Chhouri v. Chhouri*, 2 So. 3d 987, 988 (Fla. 2d DCA 2008) (first citing *Ghay v. Ghay*, 954 So. 2d 1186 (Fla. 2d DCA 2007); and then citing *Kasm*, 933 So. 2d at 48). Accordingly, we reverse the portion of the order awarding the $75,000 in temporary attorneys' fees and remand for the trial court to make the appropriate findings in determining the reasonable amount of attorneys' fees to be awarded. *See Chhouri*, 2 So. 3d at 988; *Kasm*, 933 So. 2d at 50; *Safford*, 656 So. 2d at 486.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and GUARD, JJ., Concur.

––––––––––––––––––––––––––––

Opinion subject to revision prior to official publication.

---

[1] To the extent the Former Wife argues the order should be affirmed as a sanction, the order expressly states that the trial court reserved ruling on the Former Wife's motion for contempt.